IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER M. CLEAVES,

Petitioner,

v.

BRIAN CAHAK,

Respondent.

OPINION and ORDER

26-cv-395-jdp

---

In response to my screening order, petitioner Christopher M. Cleaves brings an amended petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction of three counts of second-degree sexual assault of a child in La Crosse County case no. 2015CF616. Dkt. 6. Cleaves is proceeding without counsel.

Rule 4 of the Rules Governing § 2254 Cases requires me to examine the amended petition and supporting exhibits and dismiss that pleading if it "plainly appears" that Cleaves isn't entitled to relief. I may take judicial notice of records in Cleaves's underlying state court proceedings when reviewing the petition under Rule 4. *See Green v. Warden*, 699 F.2d 364, 369 (7th Cir. 1983). It appears that the amended petition is untimely, so I will order Cleaves to show cause why I should not dismiss it on that ground.

## BACKGROUND

Cleaves was charged with three counts of second-degree sexual assault of a child, in violation of Wis. Stat. § 948.02.[1] Cleaves pleaded not guilty to each count and proceeded to a

---

[1] Docket sheet in the '616 case, *available at* https://wcca.wicourts.gov/case.html.

court trial, where he was represented by Shirlene Perrin. *See id.* The circuit court convicted Cleaves of each count, and it imposed concurrent sentences of twelve years of initial confinement and eight years of extended supervision. *State v. Cleaves*, No. 2018AP1230, 2020 WL 13337909, at *1 (Wis. Ct. App. Apr. 16, 2020) ("*Cleaves I*").

Represented by Philip J. Brehm, Cleaves pursued postconviction relief under Wis. Stat. § 809.30. *State v. Cleaves*, No. 2021AP1993, 2023 WL 3014854, at *1 (Wis. Ct. App. Apr. 20, 2023) ("*Cleaves II*"); *see also Socha v. Boughton*, 763 F.3d 674, 682 (7th Cir. 2014) ("Wisconsin allows a criminal defendant to make a postconviction motion immediately after sentencing."). Brehm then filed a no-merit report pursuant to Wis. Stat. § 809.32 and *Anders v. California*, 386 U.S. 738 (1967). *Cleaves I*, 2020 WL 13337909, at *1. On April 16, 2020, the court of appeals affirmed Cleaves's conviction, concluding that there was no arguable merit to any issue that could be raised on appeal. *Id.* at *1–2. On October 21, 2020, the state supreme court summarily denied Cleaves's petition for review. *State v. Cleaves*, 2022 WI 79, 984 N.W.2d 158 (table).

About March 22, 2021, Cleaves filed a motion for postconviction relief pursuant to Wis. Stat. § 974.06 in the circuit court. *See* docket sheet in the '616 case. While that motion was pending, Cleaves filed a motion for reconsideration. *See id.* The circuit court denied those motions, and Cleaves appealed. *See id.* On April 20, 2023, the court of appeals affirmed the circuit court's decisions. *Cleaves II*, 2023 WL 3014854, at *1. On December 13, 2023, the state supreme court summarily denied review. *State v. Cleaves*, 2024 WI 5, 6 N.W.3d 688 (table).

In late October or early November 2025, Cleaves filed a petition for sentence adjustment in the circuit court. *See* docket sheet in the '616 case. On about February 13, 2026, the circuit court denied that petition. *See id.*

On April 28, 2026, Cleaves filed his initial habeas petition in this case. *See* Dkt. 1; Dkt. 1-6. In response to my initial screening order, he filed an amended petition on July 22, 2026. *See* Dkt. 7; Dkt. 7-1.

## ANALYSIS

A one-year statute of limitations applies to § 2254 petitions. 28 U.S.C. § 2244(d)(1). As relevant here, § 2254's one-year limitation period shall run from "the date on which the judgment became final by . . . the expiration of time seeking [direct review]." 28 U.S.C. § 2254(d)(1)(A). Cleaves didn't seek review in the U.S. Supreme Court after the state supreme court summarily denied review of his initial postconviction motion. *See* Dkt. 7 at 3. So the time for Cleaves to seek direct review expired on January 19, 2021, 90 days after the state supreme court summarily denied review of the initial postconviction motion on October 21, 2020. *Mayberry v. Dittmann*, 904 F.3d 525, 528 (7th Cir. 2018). That means that, without tolling, his federal habeas filing deadline would have been around January 19, 2022.

Cleaves filed his original federal petition on April 28, 2026, well after the habeas deadline. I will assume for screening purposes that all claims in the amended federal petition are related to the claims in the original petition, such that the amended petition's filing date for statute of limitations purposes is also April 28, 2026. *Cf. Mayle v. Felix*, 545 U.S. 644, 648 (2005) ("[A]mendments relate back to the filing date of the original pleading when both the original [pleading] and the amendment arise out of the same conduct, transaction, or occurrence.").

Cleaves filed his amended petition more than five years after January 19, 2021, on which the one-year limitations period started to run. For the amended petition to be timely,

about four years and three months of this period must be tolled.

Cleaves contends that he's entitled to statutory and equitable tolling. *See* Dkt. 7 at 13–14. I begin with statutory tolling. The time during which a properly filed application for state postconviction or other collateral review with respect to the pertinent judgment or claim is pending does not count toward § 2244(d)(1)'s one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). After the time to seek direct review expired on January 19, 2021, Cleaves sought postconviction relief pursuant to § 974.06 in the circuit court on March 22, 2021. At that point, statutory tolling started.

The tolling continued until December 13, 2023, when the state supreme court denied Cleaves's petition for review of the court of appeals' denial of his second postconviction motion and motion for reconsideration. March 22, 2021, to December 13, 2023, is about two years and 9 months. Subtracting that time from four years and three months, Cleaves still needs about one year and six months of tolling for his amended petition to be timely.

Cleaves filed his petition for sentence adjustment in the circuit court no earlier than October 2025. I will assume for purposes of this opinion that this petition qualified for statutory tolling under § 2244(d)(2). So at that time statutory tolling resumed. The circuit court denied the petition in February 2026. October 2025 to February 2026 is about five months. Subtracting this time from one year and six months, Cleaves still needs about one year and one month of tolling for the amended petition to be timely. But his next step was to file the original habeas petition in April 2026; there is no other state postconviction activity that would qualify for statutory tolling. So statutory tolling clearly does not appear to overcome untimeliness.

That leaves Cleaves's claim for equitable tolling. He alleges that Perrin and Brehm

abandoned him, and that Brehm "never explained . . . the rules to the federal court (2254)." *See* Dkt. 7 at 14. Cleaves also alleges that he lacks legal training and that, due to various circumstances, he felt mentally and emotionally overwhelmed. *See id.*

A petitioner can potentially overcome a time bar by showing that he qualifies for equitable tolling because he has been pursuing his rights diligently and some extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Cleaves bears the burden of demonstrating both elements of the *Holland* test. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016).

Cleaves's allegations don't meet this standard, but I must give him notice and an opportunity to respond before dismissing the amended petition on an issue that the court has raised on its own. *See Day v. McDonough*, 547 U.S. 198, 209–10 (2006). So I will give Cleaves 30 days to file a response to this order explaining why I shouldn't dismiss the amended petition as untimely.

## ORDER

IT IS ORDERED that:

1. Petitioner Christopher M. Cleaves may have until December 21, 2026, to file a response to this order in which he explains why I should not dismiss the amended petition as untimely.

2. If petitioner doesn't respond by the deadline, I will dismiss the petition.

Entered November 20, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge